UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| YOLANDA D. YOUNG-SMITH, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>BAYER HEALTH CARE, LLC, et al., )<br>  )<br>  Defendants. ) | CIVIL NO. 3:07cv629 |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendant United Steelworkers Local 12273 ("the Local Union") on February 19, 2008.  The plaintiff, Yolanda D. Young-Smith ("Young-Smith"), filed her response on March 19, 2008, to which Local 12273 replied on April 1, 2008.

Also before the court is a partial motion to dismiss filed by the defendants Bayer Healthcare LLC ("Bayer") and Theresa Englebrecht ("Englebrecht") (collectively "Bayer Defendants") on February 27, 2008.  Young-Smith responded to the motion on March 29, 2008, to which the Bayer Defendants replied on April 15, 2008.

On June 11, 2008, the Bayer Defendants were granted leave to file supplemental authority.

Discussion

Young-Smith has filed a six-count complaint against the defendants.  Young-Smith was employed by Defendant Bayer-Health Care, LLC, and was terminated. She alleges that the termination was based upon retaliation for filing an EEOC charge and that it was discriminatory under Title VII and Section 1981. She also alleges that the Local Union retaliated against her,

that it violated its duty to fairly represent her in her discharge arbitration, and that the Local Union discriminates against black Union members. The Local Union has now filed a motion to dismiss the retaliation and duty-of-fair-representation claims (Count I and Count V respectively).

In Count I of her Complaint, Young-Smith alleges that the Local Union retaliated against her by failing to follow the grievance procedures set forth in the contract (Complaint, Para. 13), by agreeing to use the Expedited Arbitration Procedure in the contract (Complaint, Para. 18), and by requesting that the arbitrator issue a brief decision (Complaint, Para. 22).

The Local Union contends that this claim is illogical for two reasons. First, the Local Union argues that it arbitrated Young-Smith's discharge. The Local Union notes that Young-Smith's claim seems to be that it was improper for the Union to use the expedited process in the contract for her claim[1]. The Local Union further notes that the Complaint does not detail why the expedited procedure was inadequate to resolve her discharge grievance. Nor does it detail what the Local Union should have done to ensure that the grievance was properly handled.

Second, the Complaint does not explain why or how the Local Union retaliated against Young-Smith. Specifically, it does not set forth the protected activity that she engaged in that allegedly caused the Local Union to retaliate against her, nor does it specify what form the retaliation took. Young-Smith filed her EEOC charge against the Local Union on January 18, 2007. (Complaint, Para. 83.) This took place after her termination grievance had already been submitted to the arbitrator. (Complaint, Para. 21.) Thus, the Local Union concludes that its actions leading up to the arbitration could not have been in retaliation for the EEOC charge.

---

[1] At page two of her Response Brief, Young-Smith states that the Local Union has, in fact, correctly determined the nature of the retaliation claim.

Further, the Complaint does not plead any other "oppositional activity" which Young-Smith engaged in against the Local Union that would give the Local Union any reason to try to harm her. Thus, the Local Union argues that it is not a natural inference that the Local Union had any reason to retaliate against one of its members for taking actions against the Bayer Defendants.

Therefore, the Local Union concludes that the facts pled in the complaint are insufficient to support the cause of action for retaliation. Under the Federal Rules of Civil Procedure, the purpose of the Complaint is to provide to the defendant fair notice of the basis for the plaintiff's entitlement to relief. This requirement necessarily includes a statement of the facts that support the elements of the cause of action which is alleged. Conclusions of law are not enough. The facts pled must indicate that the claim is plausible, not just possible, from the facts set forth. Bell Atlantic v. Twombley, 127 S.Ct 1955 (2007); Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007); Williams v. Pepsi Cola General Bottlers. Inc., 2007 WL 240970 (N.D. Ill. 2007).

A civil rights retaliation claim has three elements: (1) the plaintiff must engage in conduct that is protected from retaliation; (2) the plaintiff must suffer an adverse action; (3) the plaintiff must be able to show some causal connection between the protected conduct and the adverse action. Savato v. Illinois Dept. of Human Rights, 155 F.3d 922, 924 (7th Cir. 1998). The Local Union contends that the Complaint in this case fails at the first step. As set forth above, Young-Smith filed an EEOC charge against the Local Union after the arbitration had been completed by the parties. This charge, therefore, could not logically be the cause of alleged retaliatory activity which took place before the charge was filed. Moreover, Young-Smith does not allege any other activity that caused the Local Union to retaliate against her. A union does

3

not normally have an affirmative duty to prevent racial discrimination in the workplace. EEOC v. Pipefitters, 334 F.3d 636 (7th Cir. 2003). Thus, Young-Smith cannot seek liability based upon a theory that the Local Union failed to prevent the retaliation of the other Defendants, and her retaliation claim must fail because her complaint sets forth no facts which make her claim plausible as defined by the Supreme Court in the Twombley case. See Shaw v. Teamsters Local 337, 2008 WL 324107 (E.D. Mich. 2008) (dismissing duty of fair representation and Section 1981 claims against a union because supporting factual allegations insufficient to support claims under standards set forth in Twombley); Streeter v. City of Pensacola, 2007 WL 4468705 (N.D. Fla. 2007) (racial discrimination claim against union too speculative under Twombley standards); Dorcely v. Wyandanch Union Free School District, 2007 WL 2815809 (E.D. N.Y. 2007) (dismissing section 1983 claim against union under Twombley standards because complaint did not set forth specific actions that constituted discrimination).

Young-Smith argues that at the pleading stage she is not required to engage in mind-reading and speculation in order to explain why or how the Local Union retaliated against her, nor limit her cause of action by identifying the specific type of protected activity that she engaged in which she believes caused the Local Union to retaliate against her.  Young-Smith also claims that she is not required to limit the scope of her claim by specifying all of the forms and number of times retaliatory action was taken by the Local Union, to explain why the expedited procedure was inadequate to resolve her discharge grievance, to speculate as to what the Local Union should have done to ensure that the grievance was properly handled, or to discern and explain why the Local Union had any reason to retaliate against one of its members. Young-Smith insists that she has provided the type of notice of the retaliation claim to which the

Local Union is entitled to under Rule 8 of the Federal Rules of Civil Procedure and that the specific details sought by the Local Union are a matter for discovery.

However, it is clear that the Local Union correctly argues that Young-Smith's retaliation claim makes no sense because it does not set forth the protected activity that caused the alleged retaliation to occur nor does the Complaint does not set forth anything that plausibly supports the claim that the Local Union retaliated against Young-Smith for filing an EEOC charge. <u>Bell Atlantic v. Twombley</u>, <u>supra</u>.

Young-Smith has admittedly accused the Local Union of retaliation without setting forth any basis for the retaliation claim.  Young-Smith has apparently assumed that some retaliatory action occurred and that after discovery has uncovered the retaliatory nature of the Local Union's actions, then everyone will know all the facts supporting the retaliation claim.  This is not how notice pleading works in federal courts.  To state a claim for retaliation, the plaintiff must include enough facts to support the claim, assuming the facts as stated are true.  The plaintiff may not simply assert retaliation, and then say that all the facts will be discovered later.  If a plaintiff does not currently have sufficient information to properly plead a claim, and information supporting a claim is uncovered during discovery, then that is a basis for seeking to amend the complaint and add the claim. Accordingly, Count I will be dismissed without prejudice.

The Local Union next argues that the duty-of-fair-representation claim should be dismissed as untimely.  In Count V of her Complaint, Young-Smith complains that the Local Union did not represent her because it processed her grievance through the expedited arbitration procedure instead of the regular arbitration procedure in the contract. (Complaint, Para. 71.)

Young-Smith states that she received an adverse arbitration decision pursuant to this procedure on January 23, 2007. (Complaint, Para. 23.)  There are no other allegations in the Complaint that state that the Local Union took any illegal action against her after the arbitration decision was entered. Thus, the statute of limitations began to run in January 2007. The statute of limitations for a so-called "hybrid" Section 301/duty-of-fair-representation suit is six months. DelCostello v. Int'l Bhd. of Teamsters, 462 U. S.151 (1983). The statute of limitations therefore expired months before this lawsuit was filed in December 2007. As a consequence, Count Five of the Complaint must be dismissed.

Young-Smith denies that Count V is a hybrid Section 301/duty-of-fair-representation claim.   Young-Smith argues that Count V sets forth Title VII and Section 1981 claims and that these claims are separate and independent of a hybrid Section 301/fair representation claim. Young-Smith states that her claim is that the Union failed to represent her because of her race under Title VII and that the Local Union discriminated against her under Section 1981 based on race in the enforcement of the CBA.

However, Count V is clearly a claim for breach of the duty of fair representation.  See Complaint at ¶ ¶ 63, 64, 71, 72, 73, 74, 75, 79, 80, 82, and 88, which repeatedly refer to "breach of duty of fair representation".  The Local Union states that "[t]o the extent that Count V does allege intentional discrimination in violation of Title VII and Section 1981, such claims should be treated as part of Count VI of the Complaint which Local 12273 has answered."

As it is clear that any hybrid Section 301/fair representation claim is barred by the six months statute of limitations (and Young-Smith has not argued to the contrary), Young-Smith's claims for breach of duty of fair representation will be dismissed.  Any claims in Count V that

are based on Title VII and/or Section 1981 remain as part of the Complaint.

The court will now turn to the Bayer Defendants' motion to dismiss. These defendants are seeking dismissal of the entire complaint as to Englebrecht, and all claims for breach of employment contract, breach of the collective bargaining agreement, or conspiracy to breach the collective bargaining agreement (Count I and ¶ 69 of Count V) and the retaliation claim in Count I as to defendant Bayer.

The following facts are alleged in the complaint. Bayer formerly employed Young-Smith at its Mishawaka, Indiana plant. (Comp., ¶1, 2.) Englebrecht was a Senior Human Resources Representative at the Mishawaka plant. (Comp. ¶2, 3.) During Young-Smith's employment with Bayer, Young-Smith was a member of the Defendant Steelworkers Union, and her employment was governed by a collective bargaining agreement. (Comp. ¶¶8-9.) On August 8, 2006, Young-Smith was terminated for violating Company Rules and for insubordination. (Comp. ¶¶5-6.) Defendant Steelworkers filed a grievance on Young-Smith's behalf, which was arbitrated by the parties on an expedited basis on or about December 15, 2006. (Comp. ¶¶11, 21.) On January 23, 2007, the arbitrator denied Young-Smith's grievance and upheld her termination. (Comp. ¶23.) Young-Smith filed her Complaint with this Court on December 21, 2007.

The Bayer Defendants first assert that Englebrecht is not a proper defendant. The Bayer Defendants note that the caption of the Complaint lists Englebrecht "in her personal and official capacity", yet the complaint does not allege that Englebrecht is being sued in her individual capacity. Rather, the allegations in the complaint purport that she was acting "as agent for Bayer", her employer. (Comp. at ¶¶ 3-7, 13, 16, 18, 19, 22, 25, 37, 39-44.)

Claims against employees in their "official" capacity are not legally viable under either

Title VII or §1981. Attempts to sue individual employees in their "official" capacities are nothing but redundant claims against the employer and should be dismissed. *See DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 975 n.1 (7th Cir. 2000) ("An official capacity suit is the same as a suit against the entity of which the officer is an agent."). As the Court held in *Rodgers v. Folger Adam Co.*, 1995 WL 22868 (N.D. Ill. 1995), a suit against a Company decision-maker in his (or her) official capacity is redundant under Title VII because employers are liable for the actions of their employees that are taken within the scope of their employment. *Id.* (striking liability claims against individual acting in his "official capacity"). This same analysis also applies to § 1981 claims. *See, e.g., Tania Consulting Services, Inc. v. City of Chicago*, 2007 WL 1052503 at *6 (N.D. Ill. 2007) (granting motion to dismiss §1981 claims against individual employees acting in their official capacities because such claims are redundant claims against employer). Thus, the Bayer Defendants argue that to the extent that Counts One through Five attempt to plead claims against Englebrecht under Title VII or §1981, they must be dismissed as a matter of law.

Young-Smith, in response, concedes that she is not seeking to hold Englebrecht personally liable and states that the "personal and official capacity" reference in the caption should be stricken.  Young-Smith also does not contest the Bayer Defendants' position that purporting to sue Englebrecht in her "official" capacity is simply a redundant claim against her employer, Bayer.

As it is clear that Englebrecht is sued only as an agent of Bayer, and that such a suit against Englebrecht is redundant to the suit against Bayer, Englebrecht will be dismissed from this cause of action.

8

The Bayer Defendants next argue that Young-Smith has failed to plead retaliation in Count I and, further, that her position is contrary to a recent Seventh Circuit ruling on Twombly. This is essentially the same argument that the Local Union raised, supra.

In Count I, Young-Smith alleges that the Bayer Defendants retaliated against her for engaging in protected activity by breaching the collective bargaining agreement in various ways. (Compl. ¶¶6, 13, 19, 20.) To state a claim for retaliation, Young-Smith may use either the direct or indirect methods of proof—but in both instances Young-Smith must allege she engaged in protected activity. *See, e.g., Moser v. Indiana Dept. of Corrections*, 406 F.3d 895, 905 (7th Cir. 2005). To engage in protected activity, the plaintiff must oppose an unlawful employment practice or have "made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. §2000e-3. The Bayer Defendants assert that nowhere in Count I does Young-Smith allege *any* protected activity. She does not allege any race-based complaints or related activity anywhere in Count One.

The Bayer Defendants do not dispute that the Complaint pleads claims for retaliation under Title VII and §1981 in Counts Three and Four against Defendant Bayer (at least at this preliminary juncture). Defendant Bayer has, in fact, filed an Answer with respect to those claims. The stated purpose of Bayer Defendants' motion to dismiss the retaliation claim in Count One is to streamline the pleadings and to eliminate potentially duplicative claims. Young-Smith does not allege any specific protected activity in Count One; rather, all of the protected activity is asserted in, and directed at, the later pled retaliation claims in Counts Three and Four.

In response to the Bayer Defendants' motion to dismiss this claim, Young-Smith does not cite any asserted protected activity related to Count One, but instead argues that "specific details

9

sought by Bayer [the nature of Plaintiff's protected activity] are a matter for discovery." (Pl.'s Br. at 9.) As the Seventh Circuit recently ruled, Young-Smith's position is incorrect. On April 1, 2008, the Seventh Circuit (via Judge Posner) elaborated on its interpretation of *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007) in *Limestone Development Corp. v. Village of Lemont, Ill.*, Case No. 07-1438, __ F.3d __, 2008 WL 852586 (7th Cir. April 1, 2008). As Judge Posner noted, *Twombly* requires that the plaintiff allege "enough facts to state a claim to relief that is plausible on its face" *before* "a defendant [is] forced to conduct expensive pretrial discovery in order to demonstrate the groundlessness of Plaintiff's claim." *Id.*, slip op. at 9-10. Obviously, there can be no "plausible" retaliation claim—let alone a legally actionable one—without recognized protected activity on plaintiff's part. *See, e.g., Moser v. Indiana Dept. of Corrections*, 406 F.3d 895, 905 (7th Cir. 2005). As noted in *Limestone*, Young-Smith's argument puts the cart squarely before the horse. Young-Smith must allege "plausible" protected activity to survive a motion to dismiss—and she fails to do so in Count One. Thus, the retaliation claim in Count One will be dismissed without prejudice.

Next, the Bayer Defendants argue that Young-Smith's claim for breach of the collective bargaining agreement is barred by the statute of limitations. The Bayer Defendants state that Count One arguably purports to state a claim for breach of the collective bargaining agreement (Young-Smith also labels this claim as breach of employment contract). Such a claim, however, is barred by the applicable six-month statute of limitations. Young-Smith filed her Complaint in this matter on December 21, 2007. She alleges that the arbitrator issued a decision on her grievance upholding her employment termination on January 23, 2007. (Comp. ¶23.) Suits for violation of the collective bargaining agreement are governed by §301 of the Labor Management

10

Relations Act, 29 U.S.C. §185 ("§301"). *See, e.g., DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983) (noting that a suit by a former employee against his or her employer for breach of the collective bargaining agreement "rests on §301"). Under § 301, a plaintiff must file suit within six months of the rendering of an arbitration decision. *See, e.g., Richards v. Local 134, IBEW*, 790 F.2d 633, 636 (7th Cir. 1986) (Section 301 "cause of action accrues from the time a final decision on a plaintiff's grievance …"); *see also DelCostello*, 462 U.S. at 172 (holding, *inter alia*, that § 301 claim filed ten months after it accrued was barred by the six-month statute of limitations). In the present case, Young-Smith's claim was not filed until approximately *eleven months* after the arbitration decision, and therefore it is barred. *See DelCostello*, 462 U.S. at 161. Thus, to the extent that Count One (or any other Count in the Complaint) attempts to state a claim for breach of the collective bargaining agreement, it is barred by the statute of limitations.

Young-Smith admits that neither Count One nor any other allegation of the Complaint contains a valid claim for breach of a collective bargaining agreement. (Pl.'s Br. at 11, 12 ("Neither Count One nor any other Count in the Complaint states or attempts to state a claim that would be governed by Section 301.")). Young-Smith instead maintains that the allegations of the Complaint are "directed to Title VII and Section 1981 claims of discrimination rather than violations of the collective bargaining agreement." (Pl.'s Br. at 11). Because Young-Smith has admitted her Complaint fails to state a §301 claim (and she does not dispute that any such claim would be untimely), all paragraphs alleging breach of the collective bargaining agreement (which are governed by §301) will be stricken from the Complaint and any claim involving breach of the collective bargaining agreement will be dismissed with prejudice. Thus, the

following paragraphs of the Complaint will be dismissed and stricken:

- ¶10 (alleging "Bayer's termination of Smith breached the CBA.");

- ¶13 (alleging "failure to follow the grievance procedures set forth in the CBA");

- ¶19 (alleging "fail[ure] to follow EAP set forth in the CBA …");

- ¶20 (alleging intentional failure … to follow the EAP set forth in the CBA …"); and

- ¶21 (alleging an "EAP was held at Bayer's facilities … in violation of the terms of the CBA").

Next, the Bayer Defendants argue that Young-Smith's claim for conspiracy to breach the collective bargaining agreement is also preempted by § 301, and thus barred by the statute of limitations. Young-Smith does not set forth her conspiracy to breach the collective bargaining agreement claim in any detail (limiting it to one sentence, Compl. ¶69), but it nonetheless fails because it is preempted by §301 of the LMRA. Courts have found that such conspiracy claims cannot be adjudicated without interpretation of the collective bargaining agreement ("CBA"), and thus §301 is the exclusive remedy. For example, in *Bartley v. University Asphalt Company, Inc.*, 489 N.E.2d 1367 (Ill. 1986), the Illinois Supreme Court held that a state law claim for conspiracy to breach a CBA was preempted by §301, reasoning that such a claim would be "inextricably intertwined with consideration of the terms of the labor contract." *Id.* at 1373 (quoting *Allis Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)). The same logic applies to the present case. Young-Smith pleads only that Englebrecht and the Union somehow conspired to conduct an expedited arbitration. (Comp. ¶69). Any analysis of this claim would be dependent upon an interpretation of the expedited arbitration provisions of the collective bargaining agreement and thus is preempted by §301. *See Bartley*, 489 N.E.2d at 1373. Since Young-

12

Smith's conspiracy claim is governed by §301, it is barred by the six-month statute of limitations. *See Richards*, 790 F.2d at 636.

Young-Smith's conspiracy claim must also be dismissed for failure to plead it in accordance with the Supreme Court's holding in *Bell Atlantic v. Twombley*, 127 S.Ct. 1955 (2007). Young-Smith's one-line conspiracy assertion falls far short of the requisite standard. *See id* at 1964-65("a plaintiff's obligation [is] to provide the 'grounds of his entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…."). Young-Smith has alleged only an agreement as part of a conspiracy. Young-Smith fails to allege what the purpose of the conspiracy is, or what, if anything, the parties supposedly did in furtherance of the conspiracy. *See Huntington Mortgage Co. v. DeBrota*, 703 N.E.2d 160, 168 (Ind. App. 1998) (stating that a civil conspiracy under Indiana law is defined as "a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not by itself unlawful, by unlawful means"). Accordingly, Young-Smith has failed to state any conspiracy claim against the Bayer Defendants in the Complaint.

Relying in large part on *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399 (1988), Young-Smith argues that her claim for conspiracy to breach the collective bargaining agreement is not preempted by §301 (and thus not barred by the statute of limitations) because no interpretation of the collective bargaining agreement ("CBA") is required in adjudicating such a claim. In this respect, Young-Smith misinterprets *Lingle*, which fully supports the Bayer Defendants' preemption position. In *Lingle*, the Court held that the adjudication of a retaliatory discharge claim under Illinois law did not require a court to interpret any term of the collective

13

bargaining agreement, and thus, §301 did not preempt that state law tort. 486 U.S. at 407. The Court further held, however, that "judges can determine questions of state law involving labor-management relations *only* if such questions do not requiring construing collective bargaining agreements." *Id.* (emphasis added). In the present case, it would be impossible to adjudicate Young-Smith's conspiracy claim without first determining and interpreting what rights (if any) Young-Smith had to a non-expedited arbitration pursuant to the collective bargaining agreement. In fact, Young-Smith states that "the damage incurred by Smith as a result of the conspiracy was the removal of her grievance from the 3rd step to Expedited Arbitration by Englebrecht and the Union …." (Pl.'s Br. at 14). Clearly, any analysis of this issue would undoubtedly involve interpretation of the CBA provision governing expedited arbitration, including analysis of the circumstances when a grievance could be removed to expedited arbitration."

 Furthermore, while the Seventh Circuit has not addressed this exact issue in the context of a claim of conspiracy to the breach the CBA, other courts have, and they have found that such conspiracy claims are squarely preempted by §301. For example, in *Sizer v. Rossi Contractors, et al.*, 2000 WL 116081 (N.D. Ill. 2002), the plaintiff alleged that the union and the employer had conspired to abandon a grievance filed by the plaintiff. The court held that this failed to state a claim as a matter of law because "[m]erely cloaking the breach of the [CBA] under a conspiracy label does not change the nature of Plaintiff's claim, the substance of which is preempted by Section 301." *Id.* at *3. Similarly, in *Blessing v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. And Service Workers Int'l Union*, 244 Fed. Appx. 614 (6th Cir. 2007), the Sixth Circuit found that the plaintiff's civil conspiracy claim alleging that the employer and the union conspired to close down the plant was preempted by §301 because the

claim "necessarily entails interpretation of the terms of the collective bargaining agreement …". *Id.* at 623; *see also Kelley v. IBEW et al.*, 803 F.2d 516, 518-519 (9th Cir. 1986) (holding that a claim for conspiracy to violate federal labor laws does not exist as a matter of law). Accordingly, Young-Smith's conspiracy claim is preempted by §301 and barred by the applicable six-month statute of limitations and will be dismissed with prejudice

In any event, a simple review of the CBA reveals that Plaintiff's conspiracy theory is inherently impossible. Per the terms of Article VII, Section 2(c) of the CBA, the Union is *entirely* vested with the decision to take a grievance to expedited arbitration. *See* Bayer Defendants' Exhibit 1, Art. VII, Sec. 2(c) ("The Union has the right to elect either the Regular or Expedited Labor Arbitration Procedure for the hearing of such disputes and the Company will abide by that choice."). Thus, Englebrecht was contractually powerless to agree with the Local Union to expedited arbitration, and thus, could not have conspired with the Local Union to somehow force expedited arbitration upon Young-Smith. It is axiomatic that a conspiracy cannot exist without an agreement between two or more people. *See, e.g., American Heritage Banco, Inc. v. McNaughton*, 879 N.E.3d 1110 (Ind. App. 2008) (defining a civil conspiracy as "a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means."). Here, Englebrecht was contractually precluded from being involved in any agreement.

Moreover, where a plaintiff is unable to establish the underlying unlawful act or unlawful means (here, the alleged breach of the CBA), the related conspiracy claim also fails. *Id.* (holding, since there is no independent cause of action for civil conspiracy, and since the underlying fraud claim failed, the conspiracy to commit fraud claim failed too); *see also Huntington Mortg. Co. v.*

15

*DeBrota*, 703 N.E.2d 160, 168 (Ind. App. 1998) (holding civil conspiracy claim failed where plaintiff could not show unlawful act or unlawful means). Since, as set forth above, Young-Smith does not claim a breach of the CBA (which would be governed by §301), she cannot maintain a conspiracy claim premised on the alleged breach. Consequently, Young-Smith has failed to state a conspiracy claim for this independent reason as well.

## Conclusion

On the basis of the foregoing, the Local Union's motion to dismiss is hereby granted and Count I of Young-Smith's complaint as directed to the Local Union is hereby DISMISSED WITHOUT PREJUDICE.  Additionally, any claims in Count V of Young-Smith's complaint that are directed to the Local Union and are claims for breach of duty of fair representation are hereby DISMISSED WITH PREJUDICE.

Further, any claim in Counts I-V of Young-Smith's complaint that are directed to the Bayer Defendants and attempt to plead claims against Englebrecht under Title VII or Section 1981 are hereby DISMISSED WITH PREJUDICE.  Additionally, any claim in Count I of Young-Smith's complaint that is directed to the Bayer Defendants and asserts a claim for retaliation is hereby DISMISSED WITHOUT PREJUDICE.  Also, any claim in Young-Smith's complaint that attempts to state a claim for breach of the collective bargaining agreement against the Bayer Defendants is hereby DISMISSED WITH PREJUDICE.   Finally, any claim in Young-Smith's complaint that attempts to state a claim for conspiracy to breach the collective bargaining agreement against the Bayer Defendants is hereby DISMISSED WITH PREJUDICE.

Entered: June 13, 2008.

<u>s/ William C. Lee</u>  
William C. Lee, Judge  
United States District Court
