UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| YOLANDA YOUNG-SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:07 CV 629 |
| ) | |
| BAYER HEALTH CARE, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION AND ORDER**

Before the Court are Plaintiff, Yolanda Young-Smith's ("Young-Smith") "Motion to Rescind Summary Judgment" [DE 127] and her "Motion to Rescind or Set Aside Settlement Agreement" [DE 126] both filed on August 23, 2012. For the following reasons, the motions will be DENIED. As set forth below, the case will be set for bifurcated trial on the limited factual issue remaining in this case. A trial on damages will be set, if necessary.

**FACTUAL BACKGROUND**

Despite the relatively straightforward issues presented by this case, it has taken a most unfortunate turn. Young-Smith is a black female and a former employee of Defendant Bayer Health Care, LLC ("Bayer"). After her discharge from Bayer, Young-Smith sued both Bayer and the Union contending that her discharge by Bayer violated Title VII and that the Union discriminated against her on the basis of race in several ways. On January 2, 2010, Young-Smith dismissed her claims against Bayer due to a settlement. Thus, the claims against the Union are the sole claims remaining in this case.

With respect to the Union, Young-Smith alleges two distinct claims. First, she argues that

1

the manner in which the Union pursued her grievance relating to the discharge was discriminatory thereby violating the terms of the Collective Bargaining Agreement. Second, she argues that the Union engaged in a policy or practice of refusing to file race-based grievances on behalf of employees when asked to do so. *See Goodman v. Lukens Steel Co.,* 482 U.S. 656 (1987) (finding Union in violation of section 1981 when it violates the CBA by refusing to file race-based grievances).

On March 3, 2011, the undersigned granted, in part, and denied, in part, the Union's Motion for Summary Judgment on these claims. More specifically, the Court held that on the basis of the record presented "no reasonable jury could conclude that the Union discriminated against Young-Smith in the manner in which it processed her grievance [related to her discharge]." [DE 94, p. 20]. However, the Court also concluded that Young-Smith had "established a genuine issue of material fact related to her contention that the Union failed to process her grievance requests based upon race discrimination." [DE 94, at p. 25].[1]

Thereafter, the undersigned set the case for a settlement conference in front of Magistrate Judge Roger Cosbey. The settlement conference was unsuccessful but brought to light issues as to the scope of damages the Plaintiff could recover. After additional briefing on a Motion in Limine by the Union was completed, on May 23, 2012, the undersigned entered an order limiting Young-Smith's damages as follows:

> At trial, the jury will be instructed that it is to award damages for the Union's conduct only if it finds from a preponderance of the evidence that the Union's conduct caused damage to the plaintiff. Plaintiff, for instance, may be entitled to emotional distress damages from the Union if she prevails on her contention that the

---

[1] Young-Smith also attempted to raise a disparate impact claim but summary judgment was granted as to that claim as well.

> Union refused to process claims of race discrimination *throughout her employment*. Simply put, the Union can be held liable for the damages it may have caused to Young-Smith, emotional or otherwise, occasioned by its refusal to address her race-based discrimination claims throughout her employment at Bayer. Young-Smith cannot recover back pay for her discharge from the Union.

[DE 117].

Subsequently, Young-Smith filed a disciplinary grievance against her counsel, Ivan Bodensteiner ("Bodensteiner"), and , it appears, the Union's attorney. She has also filed a separate lawsuit in this Court against both Bodensteiner and the Union's attorney of record as well as others. As a result, Bodensteiner moved to withdraw as plaintiff's counsel, which the Court granted at a telephone conference on June 11, 2012. Also at the conference, the plaintiff represented that she could find no attorney to take her case given the fact that she had sued former counsel. The Court indicated that it would make an attempt to find counsel willing to take the case. To that end, the Court contacted two different attorneys who declined the case. The court then referred the matter to Attorney Patrick Proctor [DE 123], who graciously agreed to review the case at his own cost, and report to the Court whether he was willing to undertake representation. On August 14, 2012, Attorney Proctor filed a report indicating that he was unable to undertake representation of the plaintiff. To date, Plaintiff remains unrepresented. In the meantime, she has written several letters to the undersigned and filed the present motions seeking to undo much of what was accomplished by prior counsel.

With respect to her motion to rescind summary judgment, plaintiff takes issue with the timing of the summary judgment filing arguing, apparently, that somehow it was improper because it was filed "late." A review of the docket shows, however, that in every instance, counsel for the Union sought and received an extension of time to file the motion. Based on those extensions, the

3

motion was timely filed. Thus, there is nothing improper about the filing itself.  As far as any substantive challenges Plaintiff may have (she makes allegations of fraud and/or coercion), those are appellate issues to be addressed to the Seventh Circuit Court of Appeals once the case has concluded.  Thus, her Motion to Rescind Summary Judgment is DENIED.

With respect to her Motion to Rescind or Set Aside the Settlement Agreement with Bayer Healthcare,  that motion is also denied.  Young-Smith has dismissed Bayer from the case due to settlement.   It is no longer a party in this case.  Moreover, to the extent she seeks to "undo" the settlement agreement, "settlements are contracts, and a claim of breach—even a breach of a settlement agreement that resolved federal claims in federal court—is a state claim belonging in state court." *Ventre v. Datronic Rental Corp*. 2012 WL 1948781, 3 (7th Cir.  May 31, 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381–82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Arrow Gear Co. v. Downers Grove Sanitary Dist.,* 629 F.3d 633, 637 (7th Cir.2010); *Kay v. Bd. of Ed. of City of Chi.,* 547 F.3d 736, 737 (7th Cir.2008).  Accordingly, Young-Smith's Motion is improperly filed in this case and is DENIED.

Finally, with respect to the remainder of her case against the Union, the court ORDERS the case BIFURCATED as to the remaining factual issue  in the case.  As noted in the summary judgment order, Young-Smith has a very limited and discrete issue remaining as to whether she did, in fact, request the Union to file race based grievances against her employer on occasions ***prior to*** the incident leading to her termination and the Union repeatedly declined to do so.  The undersigned has attempted to find counsel to pursue this case on Young-Smith's behalf but, as noted, all counsel the Court has contacted are skeptical in light of Plaintiff's history of suing her

counsel, the Union's counsel, and filing disciplinary complaints[2] against both. As a result, the Court shall proceed to schedule trial on the limited issue noted above. Young-Smith is cautioned that the issue laid out above is the only factual issue remaining in the case based upon this court's prior rulings and *the trial is limited to that issue alone*. Evidence will be limited to that evidence that is admissible and relevant to the limited issue remaining in the case. If Young-Smith prevails on the factual issue, the court will set a separate trial on damages relating to that issue, to be limited as set out in this Court's order on the Motion in Limine.

## **CONCLUSION**

Based on the foregoing, the Plaintiff's Motion to Rescind the Summary Judgment [DE 127] is DENIED. Plaintiff's Motion to Rescind the Settlement Agreement is DENIED [DE 126]. The Court further ORDERS the trial on the remaining issue in this cause BIFURCATED as set out in this Order. The Court shall hold a status conference at a later date to set the case for trial.

SO ORDERED. This 24th day of September, 2012.

s/ William C. Lee
United States District Court

---

[2] In a letter the Court received from Young-Smith, there is also an attachment from the Indiana Disciplinary Commission ("the Commission"), wherein the Commission notes that it has reviewed Young-Smith's allegations multiple times and by multiple persons and they do "not rise to a substantial level of misconduct within the Rules of Professional Conduct." The Commission further notes that Young-Smith's allegations are appellate issues or issues that can be raised by civil suit against the attorneys in question. Finally, the Commission indicates that Young-Smith has threatened suit against it as well and thus, is ceasing communication with her.