## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| YOLANDA YOUNG-SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:07 CV 629 |
| | ) | |
| BAYER HEALTH CARE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Before the Court are *pro se* Plaintiff, Yolanda Young-Smith's ("Young-Smith") "Motion to Reconsider Motion to Rescind Summary Judgment" [DE 134], "Motion for Judicial Disclosure and Recusal Instanter" [DE 136], and her "Motion to Reconsider the Motion to Rescind or Set Aside Settlement Agreement" [DE 145] all filed between October 4, 2012 and November 29, 2012. On October 25, 2012 the undersigned held an in-person status and scheduling conference wherein he discussed the pending motions with the parties and requested Plaintiff to file a list of evidence she would present to the court to support her pending motions if an evidentiary hearing was granted on the issues set forth in those pending motions. Plaintiff did so and briefing on the pending motions was completed. For the following reasons, all the Plaintiff's motions will be DENIED. The case will proceed as previously disclosed in the Court's order dated September 24, 2012 and be set for bifurcated trial on the limited factual issue remaining in this case. A trial on damages will be set, if necessary.

## FACTUAL BACKGROUND

1

The parties in this case are familiar with the long history of it, and the facts will be recited herein only to the extent necessary to resolve the pending motions. It suffices to say that Young-Smith is a black female and a former employee of Defendant Bayer Health Care, LLC ("Bayer"). After her discharge from Bayer, Young-Smith sued both Bayer and the Union contending that her discharge by Bayer violated Title VII and that the Union discriminated against her on the basis of race in several ways. On January 2, 2010, Young-Smith dismissed her claims against Bayer due to a settlement. Thus, the claims against the Union are the sole claims remaining in this case and, at the summary judgment determination in this case, the Union was the sole defendant that remained.

With respect to the Union, Young-Smith alleges two distinct claims. First, she argues that the manner in which the Union pursued her grievance relating to the discharge was discriminatory thereby violating the terms of the Collective Bargaining Agreement. Second, she argues that the Union engaged in a policy or practice of refusing to file race-based grievances on behalf of employees when asked to do so. *See Goodman v. Lukens Steel Co.,* 482 U.S. 656 (1987) (finding Union in violation of section 1981 when it violates the CBA by refusing to file race-based grievances).

On March 3, 2011, the undersigned granted, in part, and denied, in part, the Union's Motion for Summary Judgment on these claims. More specifically, the Court held that on the basis of the record presented "no reasonable jury could conclude that the Union discriminated against Young-Smith in the manner in which it processed her grievance [related to her discharge]." [DE 94, p. 20]. However, the Court also concluded that Young-Smith had "established a genuine issue of material fact related to her contention that the Union failed to process her grievance requests based upon race

discrimination." [DE 94, at p. 25].[1]

Thereafter, the undersigned set the case for a settlement conference in front of Magistrate Judge Roger Cosbey. The settlement conference was unsuccessful but brought to light issues as to the scope of damages the Plaintiff could recover. After additional briefing on a Motion in Limine by the Union was completed, on May 23, 2012, the undersigned entered an order limiting Young-Smith's damages as follows:

> At trial, the jury will be instructed that it is to award damages for the Union's conduct only if it finds from a preponderance of the evidence that the Union's conduct caused damage to the plaintiff. Plaintiff, for instance, may be entitled to emotional distress damages from the Union if she prevails on her contention that the Union refused to process claims of race discrimination *throughout her employment*. Simply put, the Union can be held liable for the damages it may have caused to Young-Smith, emotional or otherwise, occasioned by its refusal to address her race-based discrimination claims throughout her employment at Bayer. Young-Smith cannot recover back pay for her discharge from the Union.

[DE 117].

Unhappy with the results of the summary judgment proceedings as well as the order limiting her damages in the motion in limine, Young-Smith embarked on a campaign against the attorneys in the case. Young-Smith filed a disciplinary grievance against her counsel, Ivan Bodensteiner ("Bodensteiner"), and , it appears, the Union's attorney. She has also filed a separate lawsuit in this Court (3:12-cv-275) against both Bodensteiner and the Union's attorney of record as well as others she believes defamed and otherwise harmed her.[2] Thereafter, Bodensteiner

---

[1] Young-Smith also attempted to raise a disparate impact claim but summary judgment was granted as to that claim as well.

[2] On March 21, 2013, Chief Judge Simon dismissed for lack of subject matter jurisdiction Young-Smith's claims in her second case, all of which, it was determined were state law claims lacking any federal jurisdictional basis. *See Young-Smith v. Holt,* 2013 WL 1192620 (March 21, 2013).

moved to withdraw as plaintiff's counsel, which the Court granted at a telephone conference on June 11, 2012. To date, Plaintiff remains unrepresented.[3] In the meantime, she has written several letters to the undersigned and filed the present motions seeking to undo much of what was accomplished by prior counsel.

In this Court's order dated September 24, 2012 [DE 132], the undersigned denied Plaintiff's initial "Motion to Rescind Summary Judgment" and her "Motion to Set Aside the Settlement Agreement" with Bayer Healthcare. The undersigned concluded that there was no basis to reconsider the Order on the Motion for Summary Judgment and, to the extent, Young-Smith, had issues with that Order, she could address those issues on appeal at the conclusion of her case. With respect to the settlement agreement, the Court noted that Bayer Healthcare has been dismissed from the case and that the proper forum to set aside the settlement agreement lies in state court. Young-Smith has now sought reconsideration of this decision believing evidence was withheld from the court that was relevant to her defense of the Union's Motion for Summary Judgment, that her attorney and the Union's attorney conspired against her, and that there has been "fraud upon the court." Young-Smith also again seeks rescission of her settlement agreement with Bayer as she contends it was based upon "fraud and collusion."

As noted above, in her most recent filings, Young-Smith makes some serious allegations against her former attorney and the Union's attorney. Specifically, she asserts that counsel worked together to conceal critical facts and evidence from this Court that would have established her right to a trial on several of the claims for which the Court granted summary judgment in favor of the Union.

---

[3]The Court attempted to find counsel to consult with and represent Young-Smith, all to no avail.

The exercise of the court's inherent power to protect the integrity of its processes and judgments against purposeful fraud is a well-recognized exercise of judicial power. *Hazel–Atlas Glass Co. v. HartfordEmpire,* 322 U.S. 238, 244 (1944) (equitable relief from fraudulently obtained judgment based on fabricated document "firmly established in English practice long before the foundation of our Republic"), *overruled on other grounds, Standard Oil Co. v. United States,* 429 U.S. 19 (1976); *Universal Oil Products Co. v. Root Refining Co .,* 328 U.S. 575, 580 (1946) ( "The inherent power of a federal court to investigate whether a judgment was obtained by fraud is beyond question." (citing *Hazel–Atlas Glass Co.,* 322 U.S. 238)). The court's inherent power to protect itself from a disposition based on fraud includes the power to dismiss the action upon discovery of the fraud at the earliest point in the case. *Hazel–Atlas Glass Co.,* 322 U.S. at 250 ("Had the District Court learned of the fraud ... at the original infringement trial, it would have been warranted in dismissing [the] case."). In making a finding that a fraud on the court has been committed, the court may rely on "affidavits or other acceptable evidence." *Id.* at 248. However, a claim of fraud on the court must be construed narrowly, and the burden is on the party seeking relief to show an " 'unconscionable plan or scheme which is designed to improperly influence the court in its decision.' " *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1104; *First Nat'l Bank of Louisville v. Lustig,* 96 F.3d 1554, 1573 (5th Cir.1996). Such a claim " 'embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.' " *Latshaw,* 452 F.3d at 1104 (citing *Alexander v. Robertson,* 882 F.2d 421, 424 (9th Cir.1989) (quoting 7 J. Moore 7 J. Lucas, *Moore's Federal Practice* ¶ 60.33, at 515 (2d ed.1978)). Indeed, relief due to "fraud on the court"

is very rarely warranted, and the concept "is typically confined to the most egregious cases, such as bribery of a judge or a juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters,* 675 F.2d 1349, 1356 (4th Cir.1982). Even instances of "perjury or fabricated evidence are not grounds for relief as 'fraud on the court.' " *Id.* at 1357 (collecting cases); *Fierro v. Johnson,* 197 F.3d 147, 154 (5th Cir.1999).

In light of the weighty allegations made by Young-Smith against counsel, the Court specifically requested Young-Smith to provide a list of evidence she contends demonstrates that her former attorney and the Union's attorney intentionally committed fraud or colluded with each other to prevent her from successfully prosecuting her claim. The court intended to review the list and, if the evidence was probative of such conduct, an evidentiary hearing would be scheduled to make an evidentiary record. In response, Young-Smith filed a document wherein she sets forth a list of evidence and her interpretation of that evidence that she believes was not considered by the Court when it ruled on summary judgment and, as noted below, it is completely void of any probative evidence so as to support her claims of fraud upon the court.

Much of the evidence Young-Smith sets out relates solely to the conduct/decisionmaking of her former employer Bayer Healthcare, who was not a party to the case at the time of the summary judgment proceedings. Thus, there is an evidentiary question as to whether ANY of that evidence was relevant in the proceedings against the Union. Second, much of the evidence in the list Young-Smith sets forth in her filings was either considered by the Court at some point in the summary judgment proceedings or would have very likely been subjected to a motion to strike for various evidentiary reasons under the Federal Rules of Evidence. Thus, although Young-Smith

questions the rationale as to why some of her evidence was "kept" from the court, it may very well be that her experienced trial attorney deemed the evidence inadmissible in court proceedings or otherwise irrelevant to her case and made a strategic decision to leave it out of his submissions in response to summary judgment. Generally, an attorney's considered professional judgment is quite separate from an allegation that the attorney intentionally withheld evidence so as to commit fraud on the court.

That said, in the end, the problem for Young-Smith is that she has offered no evidence within her list that either counsel acted with an "unconscionable scheme or plan" to defile the court proceedings so as to warrant a fraud having been committed. "Intent to defraud is an absolute prerequisite to a finding of fraud on the court," *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir.1996), and that is simply not present in this case. What Young-Smith's evidentiary list shows is that she takes issue with the professional judgment of her attorney to either present certain evidence she believes was relevant at summary judgment or to not present it. This, without any intent to defraud is insufficient evidence of fraud on the court so as to allow the court to overturn its prior rulings. *Haik v. Salt Lake City Corp.* 2013 WL 968141, 8 ((D.Utah, 2013) (citing Tenth Circuit authority and finding nondisclosure of facts allegedly pertinent to the case does not rise to the level of fraud on the Court); *United States v. Shelly,* 2013 WL 587568, 1 (N.D.Ohio 2013) (attorney's failure to oppose summary judgment with documentary evidence does not rise to the level of fraud on the Court).

None of the arguments advanced by Young-Smith, when combined with the list of purported evidence, even comes close to the realm of "the more egregious forms of subversion of the legal process" that would amount to "fraud on the court." See *Kenner v. Comm'n of Internal*

*Revenue*, 387 F.2d 689, 691 (7th Cir.1968). Most of Young-Smith's contentions relate entirely to the decision of her counsel to only place certain evidence into the record before the court during the summary judgment process as opposed to every piece of evidence. This is quite a different allegation than the type required to show that the court was defrauded. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n. 10 (1962) (suggesting that the proper remedy for a neglected client "is against the attorney in a suit for malpractice"). The Court therefore denies Young-Smith's motion to reconsider the court's refusal to rescind the summary judgment [DE 134].

With respect to her Motion to Reconsider the Motion to Rescind or Set Aside the Settlement Agreement with Bayer Healthcare [DE 145], that motion is also denied for the identical reasons previously set forth in this Court's September 24, 2012 Order [DE 132]. In that Order, the Court wrote:

> Young-Smith has dismissed Bayer from the case due to settlement. It is no longer a party in this case. Moreover, to the extent she seeks to 'undo' the settlement agreement, 'settlements are contracts, and a claim of breach—even a breach of a settlement agreement that resolved federal claims in federal court—is a state claim belonging in state court.' *Ventre v. Datronic Rental Corp.* 2012 WL 1948781, 3 (7th Cir. May 31, 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381–82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Arrow Gear Co. v. Downers Grove Sanitary Dist.,* 629 F.3d 633, 637 (7th Cir.2010); *Kay v. Bd. of Ed. of City of Chi.,* 547 F.3d 736, 737 (7th Cir.2008). Accordingly, Young-Smith's Motion is improperly filed in this case and is DENIED.

Young-Smith has asserted in her filings that the settlement was procured through fraud and misrepresentation. However, that is an issue of contract formation that must be resolved in state court, if Young-Smith so desires. Her motion to reconsider this Court's order denying her motion to rescind the settlement [DE 145] is DENIED.

Next, Young-Smith has filed a "Motion for Judicial Disclosure and Recusal Instanter" {DE 136] wherein she recites that she does not believe the undersigned is impartial and **if** the undersigned

8

does not rule favorably to her in her latest round of motions she would like him to recuse himself. This motion is DENIED.

## <u>CONCLUSION</u>

Based on the foregoing, the Plaintiff's Motion to Reconsider her Motion to Rescind the Summary Judgment [DE 134] is DENIED. Plaintiff's Motion to Reconsider her Motion to Rescind the Settlement Agreement is DENIED [DE 145]. Plaintiff's Motion for Judicial Recusal is DENIED [DE 136]. The Court further ORDERS the trial on the remaining issue in this cause BIFURCATED as set out in the September 24, 2012 Order. The Court shall hold a status conference at a later date to set the case for trial.

SO ORDERED. This 3rd day of April, 2013.

s/ William C. Lee
United States District Court