# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

Yolanda Young-Smith,

    Plaintiff,

v.

Bayer Health Care, LLC., and United
Steelworkers of America, AFL-CIO, CLC on
behalf of Local Union 12273

    Defendants.

Case No. 3:07-CV-629 JVB

## OPINION AND ORDER

On October 3, 2014, a jury found that Plaintiff requested her union to file race-based grievances on her behalf, the union refused to do so, but that their refusal was not on the basis of racial animus. (DE 278, Jury Verdict.) At the conclusion of the presentation of evidence, the Court granted Defendant's motion for judgment as a matter of law on the issue of whether the union had a pattern or practice of discriminating against its minority members. Since the close of trial, Plaintiff has filed five separate motions.

First, on October 16, 2014, Plaintiff *pro se* filed a motion to reconsider or correct errors or mistakes (DE 281) and a motion to exceed page limits (DE 283). In the motion to reconsider Plaintiff asserts that there was a fraud on court, the court erred by finding that the Local Union, rather than the International Union, was the only defendant remaining, and requested a reinstatement of the claims against Bayer Health Care, LLC ("Bayer"), that were dismissed on the basis of a settlement agreement between the parties.

Next Plaintiff filed a "Rule 52, 60 and Rule 59 . . ." motion requesting two things from the Court. (DE 286.) First, despite their settlement agreement, Plaintiff again requested that all

claims against Bayer be reinstated. Additionally, Plaintiff requested a new trial on the basis of her belief that Court erred in granting Defendant's motion for judgment as a matter of law on Plaintiff's discriminatory pattern or practice claim.

Following the jury verdict Defendant filed a bill of costs (DE 285). Plaintiff responded to this by filing an objection to this bill of costs (DE 290) and a "motion to contest the bill of cost and provide sanctions" (DE 291).[1]

Finally, Plaintiff filed a motion requesting an entry of final judgment by the clerk of court for claims dismissed by pretrial motions and her settlement agreement. For the reasons outlined below, Plaintiff's motions are denied and she is directed, pursuant to Federal Rule of Civil Procedure 54(d)(1), to pay costs to Defendant as outlined in the Bill of Costs (DE 285).

**A. Background**

Plaintiff, Ms. Yolanda Young-Smith, alleged numerous Title VII and § 1981 claims against her former employer, her human resources supervisor, and her union. Plaintiff's six claims were the result of her termination, alleged misconduct by the union in handling her discharge, and the Union's alleged failure to file race discrimination grievances on her behalf. Following Judge Lee's decision on Defendant's summary judgment motion, Plaintiff requested Judge Lee to recuse himself. Judge Lee recused himself even though he found Plaintiff's claims of conspiracy to be "wholly lacking in merit and groundless" and the case was transferred to this Court. (DE 159, Op. & Order at 3.)

Prior to Judge Lee's recusal, the majority of Plaintiff's claims were dismissed. First, all claims against Plaintiff's human resources supervisor and her claim against the union for breach

---

[1] Plaintiff's objection, DE 290, and Plaintiff's "motion to contest the bill of cost and provide sanctions," DE 291, are copies of the same document.

2

of the duty of fair representation were dismissed with prejudice, while her claim of retaliation by the Local Union was dismissed without prejudice. (DE 36, Order at 16.) Next, Plaintiff reached a settlement agreement with Bayer leading to the dismissal of all remaining claims against her former employer. (DE 60.) Finally, on the basis of Defendant's summary judgment motion, only two claims remained for trial.

The primary issue left for trial was "whether [Plaintiff] did, in fact, request the Union to file race based grievances against her employer [before] the incident leading to her termination and the Union repeatedly declined to do so" based upon racial animus. (DE 132, Order at 4.) The tertiary issue remaining permitted Plaintiff to show that the Defendant had a pattern or practice of refusing to file race-based grievances against her employer. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987) (finding a Union violates § 1981 when it refuses to file race-based grievances due to a discriminatory motive). The Court allowed the Plaintiff to use her grievances as evidence of a pattern or practice, even though at summary judgment the Court found that neither the International Union nor the Local Union discriminated against her in the handling of her discharge grievance.

**B. Legal Standard**

*1. Rule 59*

"After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). The purpose of Rule 59 is to "increase efficiency, allowing district courts a chance to correct their own errors rather than saddling the parties and appellate courts with otherwise unnecessary appeals."

*Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515–516 (7th Cir. 2006). A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e).

*2. Rule 60(b)*

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b), and particularly 60(b)(6), allows courts to "vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614–615, (1949). However, relief pursuant to Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). When evaluating a 60(b) motion, courts must balance "the value of finality, the probability that an error affected the outcome of the proceeding, the probability that a second go-round would produce a "better" outcome, [and] the costs of that second proceeding to the parties." *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826, 831 (7th Cir. 1985). Accordingly, a grant of relief by a district court in a Rule 60(b) motion is "discretion piled on discretion." *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986).

C. Analysis

*(1) Motion to Reconsider or Correct Errors or Mistakes (DE 281)*

In this motion, Plaintiff requests the Court alter or amend its rulings under Rule 59, or provide relief from the judgment under Rule 60(b). Plaintiff cites four primary reasons why she is entitled to the requested relief. First, Plaintiff contends the Court used the improper legal

4

standard in its jury instructions and verdict forms. Second, Plaintiff asserts that her legal defeats are the result of a continuing "fraud on the court." Third, Plaintiff argues that the Court incorrectly found that the Local Union, as opposed to the International Union, was the sole Defendant remaining for trial. Finally, Plaintiff, in spite of the settlement agreement with her former employer, requests the Court to reinstate the previously dismissed claims against Bayer. For the reasons outlined below, the Court denies Plaintiff's motion.

Plaintiff incorrectly contends that the Court used the wrong legal standard for her Title VII claim. Plaintiff asserts that for her claim to be successful she only must show that she asked the Defendant to file race-based grievances and the Defendant refused. Plaintiff contends the Court erred by including racial animus as an element of her claim. As part of the same argument, Plaintiff then asserts that the Court should have relied on *Greenslade v. Chicago Sun-Times, Inc.*, 112 F.3d 853 (7th Cir. 1997), as opposed to *Green v. AFT / Ill. Fedn. of Teachers Local 604*, 740 F.3d 1104 (7th Cir. 2014). Both of Plaintiff's arguments are incorrect. First, discriminatory motive is required in disparate-treatment Title VII and § 1981 claims. *See, e.g., Teamsters v. United States*, 431 U.S. 324, 335-336, n. 15 (1977); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 716 (7th Cir. 2012). Second, the *Greenslade* and *Green* argument is meritless. *Green* unequivocally requires discriminatory racial animus under Title VII and test in *Greenslade* involves a hybrid contract and duty of fair representation claim. *Green*, 740 F.3d at 1107 ("If the union would have processed Green's grievance or represented him under the Tenure Act had he been white . . . then the union violated Title VII.")

Plaintiff has also alleged fraud on the court and attorney misconduct. These claims began after Judge Lee granted summary judgment to Defendant on all but two of Plaintiff's claims. Plaintiff asserts that this Court adopted Judge Lee's previous rulings to perpetuate this fraud.

5

Plaintiff's chief complaints are that her former attorney was collegial when interacting with Defendant's attorney, that Judge Lee granted in part Defendant's motion for summary judgment, that certain evidence was admitted during the course of trial, and she also makes unsubstantiated allegations of perjury. Fraud on the court involves conduct that is "directed to the judicial machinery itself, and which involves circumstances where the impartial functions of the court have been directly corrupted." *In re Whitney-Forbes, Inc*., 770 F.2d 692, 698 (7th Cir. 1985). In this case, Plaintiff only presents conclusory claims without any supporting evidence. Consequently, Plaintiff's claim of fraud on the court fails.

Next, Plaintiff claims the Court erred by finding that the Local Union, as opposed to the International Union, was the only Defendant remaining for trial. Examining the two issues remaining for trial demonstrate that the Plaintiff is mistaken. The only issues remaining for trial were (1) whether Plaintiff requested Defendant to file race based grievances against her employer and the Defendant declined to do so because of her race and (2) whether this was a discriminatory pattern or practice of the Union. The only party that can file or process grievances is the Local Union. The International Union is only involved once a grievance reaches arbitration and possesses no role in filing or processing grievances. Before trial, in the order addressing Defendant's motion for summary judgment, the Court found that Plaintiff's discharge grievance was handled in a non-discriminatory fashion, thus eliminating any potential claim against the International Union. Accordingly, Plaintiff's claim of error regarding the identity of the defendant fails.

Finally, Plaintiff seeks the reinstatement of all counts against her former employer. Plaintiff agreed to a settlement with Bayer and received financial compensation as a result of this agreement. Plaintiff now feels she was pressured into the settlement by her former attorney.

"Settlements are contracts, and a claim of breach—even a breach of a settlement agreement that resolved federal claims in federal court—is a state claim belonging in state court." *Ventre v. Datronic Rental Corp.* 482 Fed. Appx. 165, 169 (7th Cir. 2012). Plaintiff has asserted, without evidentiary support, that the settlement was procured through fraud and misrepresentation. Nevertheless, that is an issue of contract formation that must be resolved in state court, if Plaintiff so desires.

*(2) Rule 52, 60 and Rule 59 Motion (DE 286)*

In this motion, Plaintiff again requests the Court to reinstate all claims against her former employer and to alter or amend the Court's grant of judgment as a matter of law to Defendant on the claim the Local Union had a pattern or practice of refusing to file race-based grievances. For the reasons discussed below, the Court denies Plaintiff's motion.[2]

In order to prove that the union has engaged in a pattern or practice of discrimination, the plaintiff must show that there is regular, purposeful, less-favorable treatment of a protected group. *See, e.g., Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977). Plaintiff ultimately has to prove more than the mere occurrence of isolated or sporadic discriminatory acts. Plaintiff must establish by a preponderance of the evidence that racial discrimination was the union's standard operating procedure in the handling of grievances. Simply, Plaintiff must have shown that it was the Union's regular, rather than the unusual, practice.

During Plaintiff's case-in-chief she did not present any evidence that demonstrated that the Defendant had a regular practice of not filing race-based grievances. Plaintiff called two union stewards as witnesses, Mr. Carlson and Mr. Lytle, who testified that if an employee asked

---

[2] The Court has already addressed Plaintiff's request to reinstate all claims that were dismissed either through summary judgment or Plaintiff's private settlement agreement with her former employer and will refrain from rehashing the same analysis again.

to file a race-based grievance they would assist them in doing so. Plaintiff's third witness, Mr. Easton, testified that he felt Defendant discriminated on the basis of race, but could not provide any specific instances where Defendant refused to file race-based grievances. Instead, on cross examination, the Defendant presented evidence that Mr. Easton filed a race-based grievance himself with the assistance of his union steward. Plaintiff presented no further evidence to demonstrate this refusal was part of a pattern or practice of Defendant.

Moreover, the statistical evidence Plaintiff discusses in her motion is inapplicable to her claims. Plaintiff presented a document, which was not admitted to evidence, that outlined the rate at which white and black employees with a last chance agreement were discharged by Bayer.[3] Plaintiff was not offered a last chance agreement, which makes this evidence inapplicable to her complaint regarding Defendant's failure to file race-based grievances. Besides, any racial imbalance in discharging employees with last chance agreements falls on the employer, as opposed to the Union. The Local Union can seek last chance agreements for its members, but the employer decides whether or not to grant this request and is also the sole decision maker if the employee violates the last chance agreement. Furthermore, the Defendant presented evidence in its summary judgment motion that black and white employees received last chance agreements with the same frequency. As a result, any discrimination claim regarding a racial imbalance in discharging employees with last chance agreements must be brought against the employer, not the Union. Plaintiff agreed to settle all claims with her employer before trial, rendering this issue moot. Accordingly, Plaintiff's motion to alter or amend the Court's judgment as a matter of law is denied.

---

[3] A last chance agreement is an agreement that the Local Union seeks on behalf of one of its members when the employer is threatening discharge. The agreement allows the union member to keep their job, but places them in a probationary status. If an employee engages in misconduct, while subject to a last chance agreement, they can be immediately discharged by the employer and are prohibited from arbitrating their discharge.

*(3) Motion to Contest the Bill of Cost and Provide Sanctions (DE 291)*

In this motion, Plaintiff objects to Defendant's bill of costs and seeks sanctions against Defendant's attorney. (DE 290–291.) Plaintiff argues that the transcripts used by Defendant were somehow fraudulent and Defendant filed for summary judgment even though he was aware there were issues of material fact in dispute. Here, Plaintiff again makes unsubstantiated claims against Defendant for "fraud on the court." (DE 290, Mot. at 2.) Plaintiff fails to make a cogent argument why costs are not due to Defendant in accordance with Federal Rule of Civil Procedure 54(d)(1) and again fails to provide any substantive evidence of a fraud on the court. Accordingly, Plaintiff's motion to contest the bill of cost is denied and she is directed to pay costs to Defendant pursuant to Federal Rule of Civil Procedure 54(d)(1).

*(4) Request for Entry of Final Judgment (DE 292)*

Plaintiff's final motion requests the Court to issue a "final judgment disposing of 'ALL' her counts against the defendant union." (DE 292, Mot. at 1.) Plaintiff seems to be requesting the Court to file a judgment form on the docket for each claim dismissed before trial. Plaintiff believes her appeal rights are hindered if the Court fails to do this. Plaintiff is incorrect. Her appeal rights are unaffected by this and the Court entered a final judgment for the claim decided by the jury. Consequently, Plaintiff's motion is denied.

**D. Conclusion**

For the reasons discussed above, the Court:

(1) **DENIES** Plaintiff's Motion to Reconsider (DE 281);

(2) **STRIKES** Plaintiff's Motion to Exceed Page Limits as moot (DE 283);

(3) **DENIES** Plaintiff's Rule 52, 60, and Rule 59 Motion (DE 286);

(4) **DENIES** Plaintiff's Motion to Contest Bill of Cost and Provide Sanctions (DE 290–291);

(5) **DENIES** Plaintiff's Motion for Request for Entering Final Judgment (DE 292); and

(6) **DIRECTS**, pursuant to Federal Rule of Civil Procedure 54(d)(1), Plaintiff to pay costs to Defendant as outlined in the Bill of Costs (DE 285).

SO ORDERED on November 18, 2014.

   s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE